892

BOWLES, Administrator, Office of Price Administration, v. ALEXANDER.

Civil Action No. 4415.

District Court, W. D. Pennsylvania.
April 30, 1946.

Thomas F. Garrahan and Robert B. Greer, both of Pittsburgh, Pa., for plaintiff.

Dunn & Moorhead, of Pittsburgh, Pa. (William G. Gault, of Pittsburgh, Pa., of counsel), for defendant.

GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Administration against the defendants, R. P. Alexander, Jr., doing business as Alexander Real Estate Company, under and pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

It is the contention of the plaintiff that the defendant violated Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 901 et seq., in that the defendant charged rents in excess of the Maximum Rent Regulation (8 Fed.Reg. 14663) as provided for housing accommodations in the Pittsburgh Defense-Rental Area.

It is further contended by the plaintiff that the defendant is the rental agent for housing accommodations situate at 412 At-

wood Street, Pittsburgh, Pennsylvania, First Floor Left, and 230 Meyran Avenue, Pittsburgh, Pennsylvania, First Floor.

In connection with the housing accommodation situate at 412 Atwood Street, Pittsburgh, Pennsylvania, First Floor Left, the defendant as rental agent demanded and received rentals in the amount of $27 per month, from July 1, 1944 to and including May, 1945, while the legal maximum rent on March 1, 1942 was $25 per month for said housing accommodation, or monthly overcharges were made in the amount of $2 for a period of eleven months, or a total overcharge of $22.

In connection with the housing accommodation situate at 230 Meyran Avenue, Pittsburgh, Pennsylvania, First Floor, the defendant as rental agent demanded and received rentals in the amount of $45.50 per month, from July 1, 1944 to and including May, 1945, while the legal maximum rent on March 1, 1942 was $45 per month for said housing accommodation, or monthly overcharges were made in the amount of $2.50 for a period of eleven months, or a total overcharge of $27.50.

The plaintiff claims that the defendant is liable to the Administrator, on behalf of the United States, for the amount of $148.50, the same being three times the amount of the overcharges, pursuant to Section 205(e) of said Act, together with the costs of said proceeding.

The plaintiff also demands injunctive relief against the defendant, his agents, servants, employees, attorneys, and all persons acting directly or indirectly in his behalf, and which violation of the regulations pertaining to Rent Regulation for Housing would be restrained.

The Court, after hearing and consideration, makes the following Findings of Fact and Conclusions of Law:

### Findings Of Fact.

1. The plaintiff is the duly appointed and qualified Administrator of the Office of Price Administration.

2. This action is before the Court pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and jurisdiction is conferred upon this Court by virtue of Section 205(c).

3. Rent Regulation Section 2(b) of the Act (8 Fed.Reg.14663) was in effect for housing in the Pittsburgh Defense-Rental Area during the period from July 1, 1944 to and including May, 1945.

4. That the legal maximum rent for the housing accommodation situate at 412 Atwood Street, Pittsburgh, Pennsylvania, First Floor Left, was $25 per month, and that the charge made by the defendant as rental agent for said premises was $2 per month in excess of the legal maximum rent, and that said charge was made for a period of eleven months or a total overcharge of $22.

5. That the legal maximum rent for the housing accommodation situate at 230 Meyran Avenue, Pittsburgh, Pennsylvania, First Floor, was $45 per month, and that the charge made by the defendant as rental agent for said premises was $2.50 per month in excess of the legal maximum rent, and that said charge was made for a period of eleven months or a total overcharge of $27.50.

6. That the facts and circumstances produced at the time of the hearing of the civil action clearly establish that the acts of the defendant were willful and the result of failure to exercise practicable precautions to comply with the Rent Regulation.

### Conclusions of Law.

1. The Court has jurisdiction of the within proceeding pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq.

2. The Court has jurisdiction over the parties hereto by virtue of Section 205(c) of the Act.

3. The defendant, R. P. Alexander, Jr., doing business as Alexander Real Estate Company, has violated the provisions of Section 4(a) of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix, § 901 et seq., and, more particularly, Rent Regulation for Housing in the Pittsburgh Defense-Rental Area (8 Fed. Reg.14663).

4. The defendant as agent demanded and received excess rental for the premises situate at 412 Atwood Street, Pittsburgh, Pennsylvania, First Floor Left, in the amount of $2 per month for the period from July 1, 1944 to and including May, 1945, or made a total overcharge of $22 for the rental of said premises.

5. The defendant as agent demanded and received excess rental for the premises situate at 230 Meyran Avenue, Pittsburgh, Pennsylvania, First Floor, in the amount of $2.50 per month for the period from July 1, 1944 to and including May, 1945, or made a total overcharge of $27.50 for the rental of said premises.

6. In the Bill of Complaint, the Government demanded that the defendant be directed to refund to the tenants all rents received in excess of the legal maximum rents after July, 1942 and including June, 1944. However, at the time of trial, the counsel for the Government requested the Court to withdraw the right of recovery for said claim, which was so ordered by the Court.

7. The actions of the defendant in demanding and receiving excess rental for the premises were willful and the result of failure to take practicable precautions.

8. The plaintiff is entitled to recovery and judgment is, therefore, entered in favor of the plaintiff and against the defendant, R. P. Alexander, Jr., doing business as Alexander Real Estate Company, in the amount of $148.50 together with the costs of said proceeding.

9. The plaintiff is entitled to injunctive relief as prayed for against the defendant.

### Discussion.

In this civil action brought by the Administrator of the Office of Price Administration against the defendant, R. P. Alexander, Jr., doing business as Alexander Real Estate Company, under the provisions of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., it appears that the legal maximum rent for the property situate at 412 Atwood Street, First Floor Left, Pittsburgh, Pennsylvania, was $25 per month, which amount was fixed by order of Charles O. Rice, Executive Rent Director, on October 16, 1943, and the defendant has demanded and received $27 per month from July 1, 1944 to and including May, 1945, or an overcharge of $2 per month for eleven months, or a total overcharge of $22. It further appears that the legal maximum rent for the property situate at 230 Meyran Avenue, First Floor, Pittsburgh, Pennsylvania, was $45 per month, which amount was fixed by order of Charles O. Rice, Executive Rent Director, on April 1, 1943, and the defendant has demanded and received $47.50 per month from July 11, 1944 to and including May, 1945, or an overcharge of $2.50 per month for eleven months, or a total overcharge of $27.50.

In connection with the rental for the premises at 412 Atwood Street, Pittsburgh, Pennsylvania, First Floor Left, the order was mailed to Alexander Real Estate Company, 414 Atwood Street, Pittsburgh, Pennsylvania, together with a copy to Mr. L. Jimick, tenant, said order being mailed on October 16, 1943, and which became effective on July 1, 1942.

In connection wtih the rental for the premises at 230 Meyran Avenue, First Floor, Pittsburgh, Pennsylvania, the order was mailed to Harold V. Alexander, R. R. Alexander, Jr., Agent, Route No. 5, Cadiz, Ohio, together with a copy to Mr. Sam L. McLane, tenant, said order being mailed on March 15, 1943, and which was to begin on April 1, 1943.

In connection with the orders just mentioned, the defendant claims that the same were never received but the tenant, Louis Jimick, who occupied the premises at 412 Atwood Street, testified that he received the tenant's copy of the notice; that within a week thereafter, the tenant communicated with the defendant, at which time the defendant stated to the tenant that it was only a form letter and the notice should be disregarded. In connection with both of said notices since it was testified that the same were duly deposited in the mail by an employee of the Office of Price Administration and the same were never returned, a presumption exists that said no-

tices were delivered to the addressee of said letters, which addressee is the defendant in this proceeding.

The defendant testified that the rental charged for the premises at 412 Atwood Street, Pittsburgh, Pennsylvania, on March 1, 1942, was $27 per month, and that the rental for the premises at 230 Meyran Avenue, Pittsburgh, Pennsylvania, was $50 per month, on March 1, 1942. It is contended by the defendant that since the rental charged during the period from May 1, 1943 to and including May, 1945, for the premises at 230 Meyran Avenue, Pittsburgh, Pennsylvania, was $47.50 per month, and the rental charged for the premises at 412 Atwood Street, Pittsburgh, Pennsylvania, for the period from July 1, 1942, to and including May, 1945, was $27 per month, that said rental charges were either on the same basis or lower than the rental which existed on March 1, 1942.

Although the defendant contended that the rental charged on March 1, 1942, for the premises at 230 Meyran Avenue, Pittsburgh, Pennsylvania, was $50 per month, a rental charge of $47.50 per month was charged due to the fact that the tenant agreed to supervise the firing of the furnace in said dwelling and, in consideration thereof, was given an adjustment of $2.50 per month on the rental which was to be paid.

Under the Regulations which apply to the maximum rental which it was permissible to charge for any dwelling unit, the Area Rent Director decided that the fair and reasonable rental for the premises at 230 Meyran Avenue, Pittsburgh, Pennsylvania, was $45 per month, and the fair and reasonable rental for the premises at 412 Atwood Street, Pittsburgh, Pennsylvania, was $25 per month. These orders were issued by the Area Rent Director subsequent to the time that the defendant filed the registration of the rental value of said premises.

Since said orders were duly addressed to the defendant and deposited in the United States mail, and in view of the statement of one of the tenants that said notice was received by him and discussed with the said defendant, the Court has no alternative other then to find that said notices had been duly received. In addition thereto, the defendant on three different occasions discussed with the Area Rent Director, his legal representatives, and subordinate employees, the reasonableness of the rentals which were being charged. It appears to me that it was necessary for the defendant to secure information through one source or the other that the rentals which were being charged were not correct, or the conferences referred to would not have been held.

Although the defendant contends that statements were made which left the impression that the rentals which were being charged did not violate the Regulation, it is a well settled principle of law that a real estate owner is not entitled to rely upon the unofficial oral advice given by an employee of the Office of Price Administration. At first blush this may seem harsh but obviously the Administrator cannot be bound by various oral interpretations which happen to be made by his hundreds, perhaps thousands, of employees in violation of regulations. The Administrator has prescribed a reasonable procedure by which persons subject to the regulations may obtain official interpretations or information by which all will be bound and, therefore, an individual who sells merchandise is not entitled to rely on unofficial interpretations. Wells Lamont Corp. v. Bowles, Price Administrator, Em.App., 149 F.2d 364; Utah Power and Light Co. v. United States, 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791.

In view of the foregoing, I can reach no conclusion other than that the actions of the defendant were both willful and the result of failure to exercise practicable precautions to comply with the Regulation as to the maximum rental which it was permitted to be charged for each of the dwelling units.

The defendant has continued to charge in excess of the maximum legal rent up until the time of trial and, under the circumstances, I believe that judgment should be entered in favor of the Office

of Price Administration on behalf of the United States against the defendant, R. P. Alexander, Jr., doing business as Alexander Real Estate Company, for treble the amount of the overcharge together with the costs of this proceeding.

█ It is necessary that the defendant realizes in the future that he must comply with all rules and regulations adopted by the Office of Price Administration, which would govern the leasing of premises in the Pittsburgh Rental-Defense Area, and it is, therefore, the belief of the Court that the request of the Government for injunctive relief should be granted.